UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | No. 1:20-cr-298 |
| | : | |
| v. | : | (Judge Wilson) |
| | : | |
| **DANIEL GUTMAN**, | : | **FILED UNDER SEAL** |
| Defendant | : | |

## PLEA AGREEMENT

The following Plea Agreement is entered by the United States Attorney for the Middle District of Pennsylvania and the above-captioned defendant.  Any reference to the United States or to the Government in this Agreement shall mean the Office of the United States Attorney for the Middle District of Pennsylvania.

## A. Violation(s), Penalties, and Dismissal of Other Counts

1. <u>Guilty plea</u>.  The defendant agrees to plead guilty to Count 1 of the Indictment, which charges the defendant with a violation of Title 18, United States Code, § 371, Conspiracy.  The maximum penalty for that offense is imprisonment for a period of five (5) years, a fine of $250,000, a maximum term of supervised release of three (3) years, which shall be served at the conclusion of, and in addition to, any term of imprisonment, as well as the costs of

prosecution, imprisonment, probation, or supervised release

ordered, denial of certain federal benefits, and an assessment in

the amount of $100.  At the time the guilty plea is entered, the

defendant shall admit to the Court that the defendant is, in fact,

guilty of the offense(s) charged in that count.  After sentencing,

the United States will move for dismissal of any remaining

counts of the Indictment.  The defendant agrees, however, that

the United States may, at its sole election, reinstate any

dismissed charges, or seek additional charges, in the event that

any guilty plea entered or sentence imposed pursuant to this

Agreement is subsequently vacated, set aside, or invalidated by

any court.  The defendant further agrees to waive any defenses

to reinstatement of any charges, or to the filing of additional

charges, based upon laches, the assertion of speedy trial rights,

any applicable statute of limitations, or any other ground.  The

calculation of time under the Speedy Trial Act for when trial

must commence is tolled as of the date of the defendant's

signing of this Agreement, until either (a) the defendant pleads

guilty; or (b) a new date is set by the Court for commencement of trial.

2.  <u>Venue Waiver</u>.  The defendant agrees to knowingly waive the right to challenge venue over the charged offense in the United States District Court for the Middle District of Pennsylvania.

3.  <u>Term of Supervised Release</u>.  The defendant also understands that the Court may impose a term of supervised release following any sentence of imprisonment exceeding one year, or when required by statute.  The Court may require a term of supervised release in any other case.  In addition, the defendant understands that as a condition of any term of supervised release or probation, the Court must order that the defendant cooperate in the collection of a DNA sample if the collection of a sample is so authorized by law.

4.  <u>No Further Prosecution, Except Tax Charges</u>.  The United States Attorney's Office for the Middle District of Pennsylvania agrees that it will not bring any other criminal charges against the defendant arising out of the defendant's involvement in

3

false, fictitious, and fraudulent statements and representations
in international health certificates for the export of dairy cattle
endorsed by the U.S. Department of Agriculture.  However,
nothing in this Agreement will limit prosecution for criminal tax
charges, if any, arising out of those offenses.

**B.  Fines and Assessments**

5.  Fine.  The defendant understands that the Court may impose a
fine pursuant to the Sentencing Reform Act of 1984; however,
the Government will not recommend that the Court impose a
fine on the basis of the parties' agreed upon forfeiture amount
specified in Section E.16.a, *infra*.  Notwithstanding the
Government's recommendation, if the Court imposes a fine, the
willful failure to pay any fine imposed by the Court, in full, may
be considered a breach of this Plea Agreement.  Further, the
defendant acknowledges that willful failure to pay the fine may
subject the defendant to additional criminal violations and civil
penalties pursuant to Title 18, United States Code, § 3611, et
seq.

6. <u>Alternative Fine</u>.  The defendant understands that under the alternative fine section of Title 18, United States Code, § 3571, the maximum fine quoted above may be increased if the Court finds that any person derived pecuniary gain or suffered pecuniary loss from the offense and that the maximum fine to be imposed, if the Court elects to proceed in this fashion, could be twice the amount of the gross gain or twice the amount of the gross loss resulting from the offense.

7. <u>Inmate Financial Responsibility Program</u>.  If the Court orders a fine or restitution as part of the defendant's sentence, and the sentence includes a term of imprisonment, the defendant agrees to voluntarily enter the United States Bureau of Prisons-administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect up to 50% of the defendant's prison salary, and up to 50% of the balance of the defendant's inmate account, and apply that amount on the defendant's behalf to the payment of the outstanding fine and restitution orders.

5

8. <u>Special Assessment</u>.  The defendant understands that the Court will impose a special assessment of $100, pursuant to the provisions of Title 18, United States Code, § 3013.  No later than the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special assessment directly to the Clerk, United States District Court, Middle District of Pennsylvania.  If the defendant intentionally fails to make this payment, that failure may be treated as a breach of this Plea Agreement and may result in further prosecution, the filing of additional criminal charges, or a contempt citation.

9. <u>Collection of Financial Obligations</u>.  In order to facilitate the collection of financial obligations imposed in connection with this case, the defendant consents and agrees:

   a. to fully disclose all assets in which the defendant has an interest or over which the defendant has control, directly or indirectly, including those held by a spouse, nominee, or other third party;

b.   to submit to interviews by the Government regarding the defendant's financial status;

c.   to submit a complete, accurate, and truthful financial statement, on the form provided by the Government, to the United States Attorney's Office no later than 14 days following entry of the guilty plea;

d.   whether represented by counsel or not, to consent to contact by and communication with the Government, and to waive any prohibition against communication with a represented party by the Government regarding the defendant's financial status;

e.   to authorize the Government to obtain the defendant's credit reports in order to evaluate the defendant's ability to satisfy any financial obligations imposed by the Court; and

f.   to submit any financial information requested by the Probation Office as directed, and to the sharing of financial information between the Government and the Probation Office.

7

C. <u>Sentencing Guidelines Calculation</u>

10. <u>Determination of Sentencing Guidelines.</u>  The defendant and
counsel for both parties agree that the United States Sentencing
Commission Guidelines, which took effect on November 1, 1987,
and its amendments (the "Sentencing Guidelines"), will apply to
the offense or offenses to which the defendant is pleading guilty.
The defendant understands that the Sentencing Guidelines are
advisory and not binding on the Court.  The defendant further
agrees that any legal and factual issues relating to the
application of the Sentencing Guidelines to the defendant's
conduct, including facts to support any specific offense
characteristic or other enhancement or adjustment and the
appropriate sentence within the statutory maximums provided
for by law, will be determined by the Court after briefing, a pre-
sentence hearing, or a sentencing hearing.

11. <u>Acceptance of Responsibility– Two/Three Levels</u>.  If the
defendant can adequately demonstrate recognition and
affirmative acceptance of responsibility to the Government as

required by the Sentencing Guidelines, the Government will recommend that the defendant receive a two- or three-level reduction in the defendant's offense level for acceptance of responsibility. The third level, if applicable, shall be within the discretion of the Government under U.S.S.G. § 3E1.1; however, the defendant's arguments at sentencing regarding the appropriate loss figure, applicable enhancements, or variances under the Sentencing Guidelines shall not serve as a basis for the Government declining to recommend a reduction in offense level for acceptance of responsibility.  At the same time, the failure of the Court to find that the defendant is entitled to a reduction shall not be a basis to void this Agreement.

12. <u>Specific Sentencing Guidelines Recommendations</u>.  Each party reserves the right to make whatever remaining arguments it deems appropriate with regard to application of the United States Sentencing Commission Guidelines to the defendant's conduct, including the appropriate loss figure under U.S.S.G. § 2B1.1.  The defendant understands and accepts that the

Government may recommend any sentence up to and including the statutory maximum sentence, even if that sentence exceeds the advisory Guidelines Range calculated by the Court. The defendant understands that any recommendations are not binding upon either the Court or the United States Probation Office, which may make different findings as to the application of the Sentencing Guidelines to the defendant's conduct. The defendant further understands that the United States will provide the Court and the United States Probation Office all information in its possession that it deems relevant to the application of the Sentencing Guidelines to the defendant's conduct.

D.  <u>Sentencing Recommendation</u>

13.  <u>Appropriate Sentence Recommendation</u>.  At the time of sentencing, the United States may make a recommendation that it considers appropriate based upon the nature and circumstances of the case and the defendant's participation in the offense, and specifically reserves the right to recommend a

10

sentence up to and including the maximum sentence of imprisonment and fine allowable, together with the cost of prosecution.

14. <u>Special Conditions of Probation/Supervised Release</u>.  If probation or a term of supervised release is ordered, the United States may recommend that the Court impose one or more special conditions, including but not limited to the following:

a.   The defendant be prohibited from possessing a firearm or other dangerous weapon.

b.   The defendant make restitution, if applicable, the payment of which shall be in accordance with a schedule to be determined by the Court.

c.   The defendant pay any fine imposed in accordance with a schedule to be determined by the Court.

d.   The defendant be prohibited from incurring new credit charges or opening additional lines of credit without approval of the Probation Office unless the defendant is in compliance with the payment schedule.

11

e.   The defendant be directed to provide the Probation Office and the United States Attorney access to any requested financial information.

f.   The defendant be confined in a community treatment center, halfway house, or similar facility.

g.   The defendant be placed under home confinement.

h.   The defendant be ordered to perform community service.

i.   The defendant be restricted from working in certain types of occupations or with certain individuals.

j.   The defendant be directed to attend substance abuse counseling, which may include testing to determine whether the defendant is using drugs or alcohol.

k.   The defendant be directed to attend psychiatric or psychological counseling and treatment in a program approved by the Probation Officer.

l.   The defendant be denied certain federal benefits including contracts, grants, loans, fellowships and licenses.

m.  The defendant be directed to pay any state or federal taxes
and file any and all state and federal tax returns as
required by law.

15.  <u>Joint Plea Agreement</u>.  The defendant agrees and understands
that an express condition of this Agreement is that co-defendant
Benjamin Gutman plead guilty to Count I of the Indictment
charging him with 18 U.S.C. § 371 (Conspiracy).  The failure of
co-defendant Benjamin Gutman to plead guilty to that
Indictment will be grounds for the United States to rescind this
Agreement and proceed to trial against the defendant on
charges pending against the defendant.  In addition, the
defendant agrees that the United States may, at its sole
election, reinstate any dismissed counts in the event that the
charges to which co-defendant Benjamin Gutman has pleaded
guilty are subsequently vacated or set aside by the Court or any
appellate court.  The defendant further agrees to waive any
defenses to the reinstatement of those charges based upon
laches, the assertion of speedy trial rights, any applicable

statute of limitations, or any other grounds in the event that the co-defendant successfully vacates or sets aside any conviction imposed upon the information.

## E.  Forfeiture of Assets

16. Forfeiture.  The present Indictment seeks forfeiture of the defendant's interests in certain assets.  In the event the United States seeks to forfeit those assets through a civil proceeding, the defendant understands that dismissal of the criminal forfeiture allegation in no way limits the United States from proceeding civilly against any assets owned or held by the defendant or any other party.  Defendant agrees to settle any civil and criminal forfeiture matters arising out of the offense of conviction and its relevant conduct.  The defendant agrees that the defendant's property constitutes proceeds of, is derived from proceeds traceable to, or was used in any manner or part to commit or facilitate the commission of the offense of conviction and its relevant conduct.  Defendant further agrees to the following:

14

a.   Forfeiture of $1,438,646.42 in U.S. currency in lieu of the amount specified in the notice of forfeiture in paragraphs 32 through 34 of the Indictment;

b.   This forfeiture amount is joint and several with any forfeiture agreement entered between the United States and co-defendant Benjamin Gutman.

c.   Immediate entry of the preliminary order of forfeiture or the filing of a civil complaint by the United States, pursuant to Title 18, United States Code, § 981;

d.   Waiver of the right to personal service of all process and naming of Stephen A. Miller, Cozen O'Connor, as agent for service of all process;

e.   Waiver of the right to appear and contest any portion of the forfeiture proceedings, including but not limited to, any motion or proceeding for substitute assets;

f.   The filing and entry of a consent decree of forfeiture;

g.   Disclosure, no later than upon signing this Agreement, of all persons and entities holding an equitable or legal interest in

15

the property, real or personal, subject to forfeiture pursuant to this Agreement;

h.   Concurrence in any motion necessary to be filed and signing any documents necessary to effectuate forfeiture;

i.   Payment of costs associated with the seizure, storage, and maintenance of any asset being returned to the defendant as a result of this Agreement;

j.   In the event any assets are being returned to the defendant, such return does not amount to having "substantially prevailed" in the pursuit of any claim, and to make no claim against the United States or any of its agencies or employees, including claims for attorney's fees and costs of litigation;

k.   Waiver of any double jeopardy challenges the defendant may have to any administrative or civil forfeiture actions, pending or completed, arising out of the course of conduct forming the basis for the forfeitures; and

16

l.   Waiver of all constitutional, legal, and equitable claims
arising out of and defenses to the forfeiture of this property
in any proceeding, including any claim of innocent
ownership and any claim or defense under the Eighth
Amendment, including any claim of excessive fine.

17. <u>Disclosure of Assets</u>.  This Agreement is entered by the United
States on the basis of the express representation that the
defendant is making full and complete disclosure of all assets
over which the defendant exercises control.  The defendant
agrees to submit to a polygraph examination by an examiner
selected by the Government to verify the defendant's complete
and candid compliance with this provision of the Agreement.
The defendant also understands that a failure to make a full
disclosure or lack of candor revealed by a polygraph
examination would constitute a breach of this Agreement,
subjecting the defendant to the sanctions set forth in this
Agreement.  Conditioned upon such full disclosure, the United

17

States agrees not to seek the seizure/forfeiture of any of the defendant's assets other than those set forth in this Agreement.

18. <u>No Further Forfeiture</u>.  As the result of the forfeitures set forth above, the United States agrees not to seek forfeiture of any other asset known to the United States by defendant's disclosure to belong to the defendant or the defendant's family. This Agreement does not prevent the IRS from the collection of taxes or the seizure of assets to satisfy those taxes.

19. <u>Forfeiture of Interests/Passage of Clear Title/Destruction Order</u>. By this Agreement, the defendant agrees to forfeit all interests in the assets set forth above and to take whatever steps are necessary to pass clear title of those assets to the United States. These steps include but are not limited to surrender of title; signing of a consent decree; stipulating to facts regarding the transfer and basis for the forfeitures; and concurrence in any motion and signing any document necessary to effectuate such transfers.

20. <u>Destruction Order/Waivers.</u>  The defendant further agrees, should the United States deem it appropriate, to the destruction of the items seized during the course of the investigation.  The defendant agrees that the items may be destroyed by the investigative agency with or without a court order authorizing the destruction of the items seized.  If the United States determines that a destruction order should be obtained, the defendant and defendant's counsel hereby concur in a motion for such an order.  The defendant further agrees to waive all interest in the assets in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal.  The defendant consents and waives all rights to compliance by the United States with any applicable deadlines under 18 U.S.C. § 983(a).  Any related administrative claim filed by the defendant is hereby withdrawn.  The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging

instrument, announcement of the forfeiture at sentencing, and incorporation of forfeiture in the judgment.

**F.   Victims' Rights and Restitution**

21.   <u>Victims' Rights</u>.   The defendant understands that pursuant to the Victim and Witness Protection Act, the Crime Victims' Rights Act, the Justice for All Act, and the regulations promulgated under those Acts by the Attorney General of the United States, crime victims have the following rights:

   a.   The right to be reasonably protected from the accused;

   b.   The right to reasonable, accurate, and timely notice of any public court proceeding or any parole proceeding involving the crime, or of any release or escape of the accused;

   c.   The right not to be excluded from any such public court proceeding, unless the Court, after receiving clear and convincing evidence, determines that testimony by the victim would be altered materially if the victim heard other testimony at that proceeding;

20

d.  The right to be reasonably heard at any public hearing in the Court involving release, plea, sentencing, or any parole proceeding.  The defendant understands that the victims' comments and recommendations at any of these proceedings may be different than those of the parties to this Agreement;

e.  The reasonable right to confer with the attorney for the Government in the case.  The defendant understands that the victims' opinions and recommendations given to the attorney for the Government may be different than those presented by the United States as a consequence of this Agreement;

f.  The right to full and timely restitution as provided for by law.  The attorney for the Government is required to "fully advocate the rights of victims on the issue of restitution unless such advocacy would unduly prolong or complicate the sentencing proceeding," and the Court is authorized to order restitution by the defendant including, but not limited

21

to, restitution for property loss, economic loss, personal

injury, or death;

g.   The right to proceedings free from unreasonable delay; and

h.   The right to be treated with fairness and with respect for

the victim's dignity and privacy.

22.   Restitution.  The defendant acknowledges that, pursuant to the

Mandatory Restitution Act of April 24, 1996, Title 18, United

States Code, § 3663A, the Court is required in all instances to

order full restitution to all victims for the losses those victims

have suffered as a result of the defendant's conduct.  The

defendant also agrees that the Government will seek and the

Court may impose an order of restitution as to victims of the

defendant's relevant conduct.  With respect to the payment of

restitution, the defendant further agrees that, as part of the

sentence in this matter, the defendant shall be responsible for

making payment of restitution in full, unless the defendant can

demonstrate to the satisfaction of the Court that the defendant's

economic circumstances do not allow for the payment of full

22

restitution in the foreseeable future, in which case the defendant will be required to make partial restitution payments.  In addition to the schedule of payments that may be established by the Court, the defendant understands and agrees that, pursuant to the Mandatory Victims Restitution Act of 1996 and the Justice For All Act of 2004, victims of federal crimes are entitled to full and timely restitution.  As such, these payments do not preclude the Government from using other assets or income of the defendant to satisfy the restitution obligation.  The defendant understands and agrees that the United States Attorney's Office, by and through the Financial Litigation Unit, has the obligation and the right to pursue any legal means, including but not limited to, submission of the debt to the Treasury Offset Program, to collect the full amount of restitution owed to the victims in a timely fashion.  Although the defendant may reserve the right to contest the amount of restitution owed, the defendant agrees to take all steps to facilitate collection of all restitution, including submitting to

debtor's exams as directed by the Government.  Towards this goal, the defendant agrees to waive any further notice of forfeiture and agrees that the United States may, at its sole election, elect to pursue civil or criminal forfeiture in the amount of the victim restitution owed in this case, and the Court may enter both a restitution order and a forfeiture judgment in the amount of any unpaid restitution found by the Court to be due and owing at the time of sentencing in this matter.  The defendant consents to the filing of any civil complaint or superseding information which may be necessary to perfect a forfeiture order and further stipulates and agrees that the defendant's guilty plea constitutes an admission to all matters legally and factually necessary for entry of a forfeiture order in this case.  The parties agree that the Government will recommend, but cannot guarantee, that any assets recovered through forfeiture proceedings be remitted to crime victims to reduce the defendant's restitution obligation in this case.  The defendant acknowledges that the making of any payments does

not preclude the Government from using other assets or income

of the defendant to satisfy the restitution obligation.  The

defendant understands that the amount of restitution

calculated for purposes of Chapter 5 of the Sentencing

Guidelines might be different from the amount of loss calculated

for purposes of Chapter 2 of the Sentencing Guidelines.

23. <u>Full Restitution by Schedule</u>.  The defendant agrees to make

full restitution in an amount to be determined by the Court and

in accordance with a schedule to be determined by the Court.

The defendant also agrees that full restitution shall be a

condition of any probation or term of supervised release that the

defendant receives.

## G.  <u>Information Provided to Court and Probation Office</u>

24. <u>Background Information for Probation Office</u>.  The defendant

understands that the United States will provide to the United

States Probation Office all information in its possession that the

United States deems relevant regarding the defendant's

background, character, cooperation, if any, and involvement in this or other offenses.

25. <u>Objections to Pre-Sentence Report</u>.  The defendant understands that pursuant to the United States District Court for the Middle District of Pennsylvania's "Policy for Guideline Sentencing," both the United States and defendant must communicate to the Probation Officer within 14 days after disclosure of the pre-sentence report any objections they may have as to material information, sentencing classifications, applicable Sentencing Guidelines ranges, and policy statements contained in or omitted from the report.  The defendant agrees to meet with the United States at least five days prior to sentencing in a good faith attempt to resolve any substantive differences.  If any issues remain unresolved, they shall be communicated to the Probation Officer for inclusion in an addendum to the pre-sentence report.  The defendant agrees that unresolved substantive objections will be decided by the Court after briefing, a pre-sentence hearing, or at the sentencing hearing,

26

where the standard or proof will be a preponderance of the evidence, and the Federal Rules of Evidence, other than with respect to privileges, shall not apply under Fed. R. Evid. 1101(d)(3), and the Court may consider any reliable evidence, including hearsay.  Objections by the defendant to the pre-sentence report or the Court's rulings, will not be grounds for withdrawal of a plea of guilty.

26. <u>Relevant Sentencing Information</u>.  At sentencing, the United States will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information about the defendant's background, character and conduct, including the conduct that is the subject of the charges that the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any.  The United States will be entitled to bring to the Court's attention and the Court will be entitled to consider any failure by the defendant to fulfill any obligation under this Agreement.

27

27. <u>Non-Limitation on Government's Response</u>.  Nothing in this
Agreement shall restrict or limit the nature or content of the
United States' motions or responses to any motions filed on
behalf of the defendant.  Nor does this Agreement in any way
restrict the Government in responding to any request by the
Court for briefing, argument or presentation of evidence
regarding the application of Sentencing Guidelines to the
defendant's conduct, including but not limited to, requests for
information concerning possible sentencing departures.

H.  <u>**Court Not Bound by Plea Agreement**</u>

28. <u>Court Not Bound by Terms</u>.  The defendant understands that
the Court is not a party to and is not bound by this Agreement,
or by any recommendations made by the parties.  Thus, the
Court is free to impose upon the defendant any sentence up to
and including the maximum sentence of imprisonment for five
(5) years, a fine of $250,000, a maximum term of supervised
release of up to three (3) years, which shall be served at the
conclusion of and in addition to any term of imprisonment, the

28

costs of prosecution, denial of certain federal benefits, and assessments totaling $100.

29. <u>No Withdrawal of Plea Based on Sentence or Recommendations</u>. If the Court imposes a sentence with which the defendant is dissatisfied—including a sentence that is above the Guidelines sentencing range, up to and including the statutory maximum—the defendant will not be permitted to withdraw any guilty plea for that reason alone, nor will the defendant be permitted to withdraw any guilty plea should the Court decline to follow any recommendations by any of the parties to this Agreement.

## I.   <u>Breach of Plea Agreement by Defendant</u>

30. <u>Breach of Agreement</u>.  In the event the United States believes the defendant has failed to fulfill any obligation under this Agreement, then the United States shall, in its discretion, have the option of petitioning the Court to be relieved of its obligations under this Agreement.  Whether the defendant has completely fulfilled all of the obligations under this Agreement shall be determined by the Court in an appropriate proceeding,

during which any disclosures and documents provided by the defendant shall be admissible, and during which the United States shall be required to establish any breach by a preponderance of the evidence.  In order to establish any breach by the defendant, the United States is entitled to rely on statements and evidence given by the defendant during the cooperation phase of this Agreement, if any.

31. <u>Remedies for Breach</u>.  The defendant and the United States agree that in the event the Court concludes that the defendant has breached the Agreement:

   a. The defendant will not be permitted to withdraw any guilty plea tendered under this Agreement and agrees not to petition for withdrawal of any guilty plea;

   b. The United States will be free to make any recommendations to the Court regarding sentencing in this case;

c.   Any evidence or statements made by the defendant during the cooperation phase of this Agreement, if any, will be admissible at any trials or sentencings;

d.   The United States will be free to bring any other charges it has against the defendant, including any charges originally brought against the defendant or which may have been under investigation at the time of the plea.  The defendant waives and hereby agrees not to raise any defense to the reinstatement of these charges based upon collateral estoppel, Double Jeopardy, statute of limitations, assertion of Speedy Trial rights, or other similar grounds.

32.  <u>Violation of Law While Plea or Sentence Pending</u>.  The defendant understands that it is a condition of this Agreement that the defendant refrain from any further violations of state, local, or federal law while awaiting plea and sentencing.  The defendant acknowledges and agrees that if the Government receives information that the defendant has committed new crimes while awaiting plea or sentencing in this case, the

Government may petition the Court and, if the Court finds by a preponderance of the evidence that the defendant has committed any other criminal offense while awaiting plea or sentencing, the Government shall be free at its sole election to either:  (a) withdraw from this Agreement; or (b) make any sentencing recommendations to the Court that it deems appropriate.  The defendant further understands and agrees that, if the Court finds that the defendant has committed any other offense while awaiting plea or sentencing, the defendant will not be permitted to withdraw any guilty pleas tendered pursuant to this Agreement, and the government will be permitted to bring any additional charges that it may have against the defendant.

## J.  Licensing, Resignation, and Disbarment

33. <u>Status of Professional License or Permit</u>.  It is further understood and agreed that the status of any professional license or permit held by the defendant or defendant's companies is not protected by this Agreement and is a matter

solely within the discretion of the appropriate licensing authority.  The United States may in its discretion provide to any such licensing authority any documents and information in its possession.

## K.  Deportation

34.  Deportation/Removal from the United States.  The defendant understands that, if defendant is not a United States citizen, deportation/removal from the United States is a consequence of this plea.  The defendant further agrees that this matter has been discussed with counsel who has explained the immigration consequences of this plea.  The defendant still desires to enter into this plea after having been so advised.

## L.  Appeal Waiver

35.  Appeal Waiver – Direct.  The defendant is aware that Title 28, United States Code, § 1291 affords a defendant the right to appeal a judgment of conviction and sentence; and that Title 18, United States Code, § 3742(a) affords a defendant the right to appeal the sentence imposed.  Acknowledging all of this, the

defendant knowingly waives the right to appeal the conviction

and sentence.  This waiver includes any and all possible

grounds for appeal, whether constitutional or non-

constitutional, including, but not limited to, the manner in

which that sentence was determined in light of *United States v.*

*Booker*, 543 U.S. 220 (2005).  The defendant further

acknowledges that this appeal waiver is binding only upon the

defendant and that the United States retains its right to appeal

in this case.

36. <u>Collateral Appeal Waiver.</u>  The defendant acknowledges,

understands and agrees that, by pleading guilty pursuant to

this Agreement, the defendant voluntarily and knowingly

waives the right to collaterally attack the defendant's

conviction, sentence, or any other matter relating to this

prosecution, including but not limited to a motion to vacate

judgment under Title 28, United States Code, Section 2255; a

petition for a writ of habeas corpus under Title 28, United

States Code, Section 2241; or any other motion or writ seeking

collateral relief.  However, no provision of this agreement shall preclude the defendant from pursuing in an appropriate forum any appeal, collateral attack, writ, or motion claiming that the defendant received constitutionally ineffective assistance of counsel.  In the event the defendant raises a claim of ineffective assistance of counsel, the defendant hereby agrees (a) that the Government retains its right to oppose any such claim on procedural or substantive grounds; and (b) that counsel for the United States may confer with any of the defendant's prior counsel whose performance is attacked in such a claim, for purposes of preparing any response or for any hearing necessitated by the filing of such a claim.

37. <u>Appeal Waiver Breach.</u>  The defendant acknowledges that pursuing a direct appeal or any collateral attack waived in the preceding paragraph(s) may constitute a breach of this Agreement. The Government agrees that the mere filing of a notice of appeal is not a breach of the Agreement. The Government may declare a breach only after the defendant or

35

the defendant's counsel thereafter states, either orally or in writing, a determination to proceed with an appeal or collateral attack raising an issue the Government deems barred by the waiver.  The parties acknowledge that the pursuit of an appeal or any collateral attack constitutes a breach only if a court determines that the appeal or collateral attack does not present an issue that a judge may reasonably conclude is permitted by an exception to the waiver stated in the preceding paragraph(s) or constitutes a "miscarriage of justice" as that term is defined in applicable law.

## M.  <u>Other Provisions</u>

38. <u>Agreement Not Binding on Other Agencies</u>.  Nothing in this Agreement shall bind any other United States Attorney's Office, state prosecutor's office, or federal, state or local law enforcement agency.

39. <u>No Civil Claims or Suits</u>.  The defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently

known to the defendant, arising out of the investigation, prosecution or cooperation, if any, covered by this Agreement, including but not limited to any claims for attorney's fees and other litigation expenses arising out of the investigation and prosecution of this matter.  By the defendant's guilty plea in this matter the defendant further acknowledges that the Government's position in this litigation was taken in good faith, had a substantial basis in law and fact and was not vexatious.

40. <u>Plea Agreement Serves Ends of Justice</u>.  The United States is entering this Agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the offense(s) from which the charge(s) is/are drawn, as well as the defendant's role in such offense(s), thereby serving the ends of justice.

41. <u>Merger of All Prior Negotiations</u>.  This document states the complete and only Agreement between the United States Attorney for the Middle District of Pennsylvania and the defendant in this case, and is binding only on the parties to this

Agreement and supersedes all prior understandings or plea offers, whether written or oral, including (1) a plea offer that was made telephonically in July 2020, memorialized by email to defense counsel on July 13, 2020, and rejected by defendant, and (2) written plea offers made on August 2, 2021 and September 1, 2021. This agreement cannot be modified other than in writing that is signed by all parties or on the record in court. No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea. Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the defendant certifies that the defendant's plea is knowing and voluntary and is not the result of force or threats or promises apart from those promises set forth in this Agreement.

42. <u>Defendant is Satisfied with Assistance of Counsel</u>. The Defendant agrees that the defendant has discussed this case and this Agreement in detail with the defendant's attorney, who

has advised the defendant of the defendant's Constitutional and other trial and appellate rights, the nature of the charges, the elements of the offenses the United States would have to prove at trial, the evidence the United States would present at such trial, possible defenses, the advisory Sentencing Guidelines and other aspects of sentencing, potential losses of civil rights and privileges, and other potential consequences of pleading guilty in this case. The defendant agrees that the defendant is satisfied with the legal services and advice provided to the defendant by the defendant's attorney.

43. <u>Deadline for Acceptance of Plea Agreement</u>.  The original of this Agreement must be signed by the defendant and defense counsel and received by the United States Attorney's Office on or before 5:00 p.m., on Tuesday, October 5, 2021, otherwise the offer may, in the sole discretion of the Government, be deemed withdrawn.

44. <u>Required Signatures</u>.  None of the terms of this Agreement shall be binding on the Office of the United States Attorney for the

39

Middle District of Pennsylvania until signed by the defendant

and defense counsel and then signed by the United States

Attorney or his designee.

## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

10·11·21
Date

~~DANIEL GUTMAN~~
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

10/11/21
Date

STEPHEN A. MILLER
Counsel for Defendant

BRUCE D. BRANDLER
Acting United States Attorney

10/19/21
Date

By:

RAVI ROMEL SHARMA
Assistant United States Attorney

AUSA RRS/SD/USAO2020R00484/October 4, 2021
VERSION DATE: March 8, 2021